# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 15, 2022

Lyle W. Cayce
Clerk

No. 21-50957
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ALDO CUATEPOTZO-CORTES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-59-1

Before JONES, BARKSDALE, and ELROD, *Circuit Judges*.

PER CURIAM:*

Aldo Cuatepotzo-Cortes, in 2019, pleaded guilty to transportation of illegal aliens for financial gain. He was sentenced to, *inter alia*, 14-months' imprisonment and three-years' supervised release. The district court imposed special conditions of supervised release, prohibiting, *inter alia*,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50957

Cuatepotzo from: committing federal, state, or local crimes; and illegally reentering the United States. He did not file a direct appeal.

Cuatepotzo, in 2021, was arrested again for transporting illegal aliens for financial gain. The Government, following his arrest, moved to revoke his supervised release, asserting he violated mandatory conditions: committing a federal, state, or local crime; and illegally reentering the United States.

Cuatepotzo was convicted for the 2021 arrest; and sentencing for the conviction was held in conjunction with his final revocation hearing. For his 2021 conviction, the court imposed, *inter alia*, a sentence of 41-months' imprisonment. During the revocation-hearing portion, Cuatepotzo admitted violating both conditions. The court imposed a 14-months'-sentence to run consecutively to the 41-months'-sentence imposed for the 2021 conviction.

Only the revocation sentence remains in issue. Cuatepotzo contests the within-Sentencing Guidelines, 14-months'-sentence. He contends his sentence is: procedurally unreasonable because the court failed to articulate its reasons for ordering the sentence to run consecutively to the sentence in the 2021 case; and substantively unreasonable because the court failed to consider a factor that should have received significant weight.

Our court reviews preserved challenges to revocation sentences under a two-step "plainly unreasonable" inquiry. *E.g.*, *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011) (adopting "plainly unreasonable" standard for revocation sentences); *United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). The court must first determine "whether the district court committed significant procedural error"; and then assess the substantive-reasonableness of the sentence using an abuse-of-discretion standard. *Cano*, 981 F.3d at 425 (citation omitted).

2

No. 21-50957

Cuatepotzo's claim his sentence was procedurally unreasonable, however, was not preserved in district court; therefore, review is only for plain error. *E.g.*, *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). Under that standard, he must show a forfeited plain error (clear or obvious error, rather than one subject to a reasonable dispute) affected his substantial rights. *United States v. Hernandez-Martinez*, 485 F.3d 270, 273 (5th Cir. 2007). If he makes that showing, our court has the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *United States v. Olano*, 507 U.S. 725, 732 (1993).

When, as here, a district court applies a within-Guidelines sentence, "doing so will not necessarily require lengthy explanation". *Rita v. United States*, 551 U.S. 338, 356 (2007). The court stated it had considered Cuatepotzo's assertions at the combined sentencing for revocation and the 2021 case and reviewed the 18 U.S.C. § 3553(a) sentencing factors and relevant policy statements provided in Chapter Seven of the Guidelines, which recommend that any revocation sentence "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release". U.S.S.G. § 7B1.3(f).

Accordingly, there was no clear-or-obvious error regarding the explanation for imposing a consecutive revocation sentence; therefore, the sentence was not procedurally unreasonable. *See Rita*, 551 U.S. at 356. (Even if there was the requisite clear-or-obvious error, Cuatepotzo has not established it affected his substantial rights. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 553 (5th Cir. 2012).)

No. 21-50957

On the other hand, Cuatepotzo preserved his substantive-reasonableness claim by requesting a lesser term at the sentencing hearing. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 767 (2020) (noting advocating for sentence shorter than one imposed is sufficient to preserve substantive-reasonableness challenge).

As the basis for asserting his sentence is substantively unreasonable, the factor claimed not to have received the required significant weight is his motivation to assist his family financially. A sentence "is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *Cano*, 981 F.3d at 427 (citation omitted).

The court made clear that it would consider the motivation-to-assist-family-financially factor. Cuatepotzo's contention merely reflects his disagreement with the propriety of his sentence and the court's weighing of the 18 U.S.C. § 3553(a) sentencing factors and "does not suffice to rebut the presumption of reasonableness that attaches to [his] within-guidelines sentence". *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.